FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 05 2012

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASON NIELSEN,

          Plaintiff - Appellant,

  v.

TROFHOLZ TECHNOLOGIES, INC., a California Corporation; et al.,

          Defendants - Appellees.

No. 10-17658

D.C. No. 2:09-cv-00960-WBS-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted February 14, 2012
San Francisco, California

Before: THOMAS, FISHER, and IKUTA, Circuit Judges.

Jason Nielsen fails to raise a genuine issue of material fact as to whether the

legitimate, nondiscriminatory reasons offered by his employer, Trofholz

Technologies, Inc. (TTI), for criticizing his work performance and subsequently

terminating him were pretext for retaliation. *See Hashimoto v. Dalton*, 118 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. Rule 36-3.

671, 680 (9th Cir. 1997); *Arteaga v. Brink's, Inc.*, 77 Cal. Rptr. 3d 654, 667 (Ct. App. 2008). Specifically, Nielsen fails to show why TTI's explanation that it fired Nielsen for his failure to return from a leave of absence is unworthy of credence, given that the Human Resources action notice upon which Nielsen exclusively relies does not purport to approve additional leave, TTI's President and Human Resources Manager both testified that the notice was not an approval, and Nielsen failed to come forward with evidence that he had received approval. *See Hashimoto*, 118 F.3d at 680. Nor does Nielsen's contention that he received negative performance reviews after participating in the protected activity, standing alone, create a genuine issue of material fact with respect to pretext, given TTI's documentation of problems with Nielsen's work and Nielsen's own admission of work problems before the protected activity took place. Accordingly, the district court did not err in granting summary judgment on Nielsen's retaliation claim under the California Fair Employment and Housing Act (FEHA).

Nielsen's claims of discrimination and harassment on account of his disability fail for want of causation, *see Brundage v. Hahn*, 66 Cal. Rptr. 2d 830, 835 (Ct. App. 1997), where Nielsen presents no evidence that TTI treated him differently than other employees because of his disability, that he requested

-2-

accommodations that he was not given, or that his ultimate termination had any connection to his disability.

Nielsen does not establish a prima facie case of gender discrimination under FEHA because a romantic relationship between a supervisor and employee does not, without more, give rise to a sexual discrimination claim. *See Proskel v. Gattis*, 49 Cal. Rptr. 2d 322, 324 (Ct. App. 1996). In the absence of any evidence of widespread sexual conduct that altered the conditions of his employment and created an abusive working environment, Nielsen also does not raise a genuine issue of material fact that he suffered gender-based harassment. *See Miller v. Dep't of Corr.*, 115 P.3d 77, 87–88 (Cal. 2005). Because Nielsen's Title VII claim requires the same showing as his FEHA gender-based hostile work environment claim, it likewise fails. *See Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000).

Our dismissal of Nielsen's FEHA claims is fatal to his claim of wrongful termination in violation of public policy because the public policy upon which Nielsen relies is FEHA.

Finally, the district court did not abuse its discretion in ruling as an evidentiary matter that TTI's Human Resources Director, Vice President, and President had personal knowledge of TTI's reduction in force, where each witness

-3-

exhibited familiarity with company management and their testimonies were corroborated.

**AFFIRMED.**